UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CATHERINE WEBB,

    Plaintiff,

v.                                   Case No. 3:25-cv-893-MMH-MCR

LOWE'S HOME CENTERS, LLC,
and RICHARD WEATHERFORD,

    Defendants.
_____/

**O R D E R**

    **THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279–80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C.

§ 1332(a)." <u>Baltin v. Alaron Trading, Corp.</u>, 128 F.3d 1466, 1469 (11th Cir. 1997).

On August 5, 2025, Defendant Lowe's Home Centers, LLC removed this case to the United States District Court for the Middle District of Florida. <u>See generally</u> Defendant's Notice of Removal (Doc. 1; Notice). In support of removal, Lowe's invoked the Court's diversity jurisdiction, and alleged that it is a citizen of North Carolina, Plaintiff Catherine Webb is a citizen of Florida, and the amount in controversy exceeds $75,000. <u>See</u> Notice ¶¶ 8, 13, 17, 18; <u>see also</u> Defendants, John Doe and Lowe's Home Centers, LLC., Disclosure Statement Under Federal Rule of Civil Procedure 7.1, and Local Rule 3.03 (Doc. 9), filed August 12, 2025. The only other named Defendant at the time of removal was a fictitious party, John Doe, whose citizenship is disregarded for purposes of removal. <u>See</u> 28 U.S.C. § 1441(b).

On August 18, 2025, Webb sought leave to file an amended complaint adding Richard Weatherford as a defendant. <u>See</u> Plaintiffs' Unopposed Motions to (1) Amend Complaint to Substitute "Richard Weatherford" for "John Doe," and (2) Remand to Duval County Circuit Court (Doc. 11) at 1. Notably, Webb recognized that the addition of Weatherford would destroy diversity jurisdiction and as such, requested that the Court allow amendment and then remand the case to state court. <u>Id.</u> Webb represented that, after conferral, Lowe's did not object to her request for amendment and remand. <u>See id.</u> at 4. On August 22,

2

2025, the Magistrate Judge granted Webb's unopposed request for leave to amend and instructed Webb to file her amended complaint and then a separate motion to remand.  See Endorsed Order (Doc. 13).

Webb filed the Amended Complaint on August 25, 2025.  See Amended Complaint (Doc. 14).  In the Amended Complaint, Webb adds Weatherford as a Defendant and alleges that he is a citizen of Florida.  See id. ¶ 3.  Because Webb is also a citizen of Florida, the addition of Weatherford destroys complete diversity in this case.  See Univ. of S. Ala., 168 F.3d at 412 (explaining that for a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants").

Although Webb has not yet filed the contemplated motion to remand, the Court finds it appropriate to act sua sponte.  Indeed, pursuant to 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  In addition, § 1447(e) provides that: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Interpreting this provision, the Eleventh Circuit Court of Appeals has specifically instructed that when § 1447(e) is applicable, "the district court [is] left with only two options: (1) deny joinder; or (2) permit joinder and remand [the plaintiff's] case to state court."  Ingram v. CSX Transp., Inc., 146 F.3d 858,

3

862 (11th Cir. 1998). Given the parties' agreement to permit the joinder of Weatherford, and the Court's grant of permission for Webb to file the Amended Complaint with Weatherford as a defendant, the Court no longer has diversity jurisdiction. Because the Court identifies no other basis for federal subject matter jurisdiction, this case will be remanded to the state court. See id.

Accordingly, it is **ORDERED**:

1. This case is **REMANDED** to the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida, for further proceedings.

2. The Clerk of the Court is **DIRECTED** to transmit a certified copy of this Order to the clerk of that court.

3. The Clerk is further **DIRECTED** to terminate all pending motions and deadlines as moot and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on August 28, 2025.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Clerk, Circuit Court, Fourth Judicial Circuit,
in and for Duval County, Florida

4